EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-5710
    Facsimile:    (213) 894-7177
    E-mail:  Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>$41,471.00 IN U.S. CURRENCY,<br><br>    Defendant. | No. CV 15-00696-R(SSx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>**DATE: October 19, 2015**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 8** |
| TYRONE HAWKINS,<br><br>    Claimant. | |

//

//

//

//

//

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Rules of the Central District of California, the Court issues its Statement of Uncontroverted Facts and Conclusions of Law.

**I.**

**UNCONTROVERTED FACTS**

1. The defendant currency was seized from Nina Haywood ("Haywood") on June 27, 2014, Haywood filed a timely claim and an answer on March 26, 2015. Dkts. 13 & 14.

2. On June 8, 2015, Haywood withdrew her claim after the government filed a motion to strike based on her failure to answer Special Interrogatories that had been served by the government on March 12, 2015. Dkt. 20.

3. On June 11, 2015, Tyrone Hawkins filed an untimely claim and answer. Dkts. 23 & 24. Hawkins' verified claim asserted that he had loaned the defendant currency to a relative so that the relative could buy a truck. Dkt. 24.

4. On June 18, 2015, the government served Hawkins with Special Interrogatories. Kortum Declaration ¶ 3 & Exh. "D".

5. The government received Hawkins' answers to the government's Special Interrogatories on July 13, 2015. Special Interrogatory No. 3 asked Hawkins for information about how he acquired the defendant currency. In response to this Special Interrogatory, Hawkins stated:

> the sum of $41,471.00 dollars was obtained over many years. Mainly through 19 years of working. (Bonuses, loans). Claimant does not have an exact paper trail for every dollar, but he has old tax statements and check stubs from

1  the past five years.  [Claimant has previously submitted
2  some this information, and will submit additional
3  information if requested.]

Kortum Declaration ¶ 4 & Exh. "E".  Counsel for Hawkins was advised on July 14, 2015 that Hawkins' response was too conclusory to be acceptable.  Id. ¶ 5 & Exh. "F".

6.  On July 29, 2015, Hawkins provided an amended response to Special Interrogatory No. 3, stating that:

> The monies were acquired through the years by loans, working and work bonuses.  I would take most of the money and put it away.  My mortgage has been $550 dollars from 200 until 2014.  Further, my tenant pays the majority of the bills since his family (two children) have lived there since 2009.  I drove a 1992 Legend automobile from 2006 to 2015; and, a 1986 Monte Carlo before that.  I drove a 1989 Mustang race care from 2004 through 2009 and then sold that vehicle for $20,000 dollars.  I could not find the receipt for the sale of that vehicle.  Finally, I took out a second mortgage from Wells Fargo to finance the building of that vehicle.

Kortum Decl. ¶ 6 & Exh. "G".

7.  To the extent that any findings of fact contained herein can be considered to be or are deemed to be conclusions of law, they are incorporated by reference into the Conclusions of Law.

## II.

## CONCLUSIONS OF LAW

1.  This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

1  2.   This court has subject matter jurisdiction under 28 U.S.C.
2 §§ 1345 and 1355.
3  3.   Venue lies in this district pursuant to 28 U.S.C. §
4 1395(b).
5  **The Standard Governing Summary Judgment**
6  4.   This matter is before the Court on Plaintiff's Motion for
7 Summary Judgment.  Summary judgment is appropriate where there is no
8 genuine issue of material fact and the moving party is entitled to
9 judgment as a matter of law.  Celotex Corporation v. Catrett, 477
10 U.S. 317, 323 (1986).  To meet its burden of production, the moving
11 party must either produce evidence negating an essential element of
12 the nonmoving party's claim or defense or show that the nonmoving
13 party does not have enough evidence of an essential element to carry
14 its ultimate burden of persuasion at trial.  Nissan Fire and Marine
15 Insurance v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  Once
16 the moving party meets its initial burden of showing there is no
17 genuine issue of material fact, the opposing party has the burden of
18 producing competent evidence and cannot rely on mere allegations or
19 denials in the pleadings.  Matsushita Electric Industries Co. v.
20 Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Where the record taken
21 as a whole could not lead a rational trier of fact to find for the
22 nonmoving party there is no genuine issue for trial.
23  5.   The Civil Asset Forfeiture Reform Act of 2000, Title 18
24 United States Code Section 983, governs all in rem civil forfeiture
25 proceedings commenced on or after August 23, 2000.  Those forfeiture
26 proceedings are also governed by the Supplemental Rules for Admiralty
27 or Maritime Claims and Asset Forfeiture Actions.  18 U.S.C. §
28 983(a)(4)(A).

6.  Supplemental Rule G permits any person claiming an interest in the property to contest the forfeiture by filing a claim in the court where the action is pending.

7.  Unlike in typical civil proceedings, the Government may commence limited discovery immediately after a verified claim is filed. Supplemental Rule G(6)(A) provides that the Government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. The purpose of the rule is to permit the Government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing. Rule G, 2006 Advisory Committee Notes, Subdivision (6).

8.  At any time before trial the Government may move to strike the claimant's claim on the grounds that the claim does not comply with Supplemental Rule G(5), that the claimant has not responded to special interrogatories pursuant to Rule G(6)(A), or that the claimant lacks standing. Supplemental Rule G(8)(c)(i)(A) & (B). The motion to strike may be presented as a motion for summary judgment. Supplemental Rule G(8)(2)(B); United States v. $133,420 in U.S. Currency, 672 F.3d 629, 635 (9th Cir. 2012).

9.  The government argues that the claimant's insufficient response to its interrogatories fail to establish Article III standing, and accordingly asks this Court to strike claimant's claim and grant summary judgment.

10. A claimant bears the burden of establishing Article III standing, the threshold function of which is to ensure that the Government is put to its proof only where someone acting with a

5

1  legitimate interest contests the forfeiture.  <u>United States v.</u>
2  <u>$557,933.89, more or less, in U.S. Funds</u>, 287 F.3d 66, 79 (2d Cir.
3  2002).  A claimant must therefore demonstrate that he has a
4  sufficient interest in the property to create a case or controversy.
5  <u>United States v. Real Property Located at 475 Martin Lane</u>, 545 F.3d
6  1134, 1139 (9th Cir. 2008).
7      11.  Because standing requirements are not mere pleading
8  requirements but rather an indispensable part of a case, standing
9  must be supported with the manner and degree of evidence required at
10  the successive stages of the litigation.  <u>Lujan v. Defenders of</u>
11  <u>Wildlife</u>, 504 U.S. 555, 561 (1992).  Therefore, while general
12  allegations are sufficient at the pleading stage, they are no longer
13  sufficient at the summary judgment and trial stages, where some
14  evidence of standing is required.  In <u>$133,420</u>, <u>supra</u>, the Ninth
15  Circuit concluded that in a civil forfeiture action, a claimant's
16  bare assertion of an ownership or possessory interest in the absence
17  of some other evidence is not enough to survive a motion for summary
18  judgment at the summary judgment stage.  672 F.3d at 638.  The
19  District Court must ask itself whether a fair minded jury would find
20  that the claimant had standing on the evidence presented.  <u>Id.</u>
21      12.  A conclusory self-serving affidavit lacking detailed facts
22  and any supporting evidence is insufficient to create a genuine issue
23  of material fact.  <u>F.T.C. v. Publishers Clearing House, Inc.</u>, 104
24  F.3d 1168, 1171 (9th Cir. 1997).
25      13.  In response to the Government's special interrogatory No.
26  3, which asked how claimant acquired the defendant currency, claimant
27  stated that the sum of $41,471.00 was obtained over many years,
28  "mainly through 19 years of working, bonuses and loans.  Claimant

does not have an exact paper trail of every dollar but he has old tax statements and check stubs for the past five years." Kortum Decl. ¶ 4 & Exh. "E".

14. When the Government informed claimant that his response was too conclusory to be acceptable, claimant amended his response to special interrogatory No. 3, adding in part: "I drove a 1989 Mustang race car from 2004 through 2009, and then sold that vehicle for $20,000. I could not find the receipt for the sale of that vehicle." Id. ¶ 6 & Exh. "G".

15. Claimant's conclusory statements are not sufficient to establish his standing. Claimant has not provided this Court or the Government with any supporting evidence other than his own self-serving statements made by the same lawyer who represented a previous claimant in this case. Although at the summary judgment stage of a civil forfeiture proceeding claimant need only show some evidence that he owned the defendant property, he has failed to do so.

### III.

### CONCLUSION

16. For the reasons stated above, the Court hereby grants the government's motion for summary judgment.

19. To the extent that any conclusions of law contained herein can be considered to be or are deemed to be Statements of

Uncontroverted Fact, they are incorporated by reference into the Statements of Uncontroverted Fact.

    **IT IS SO ORDERED.**

Dated: January 6, 2016

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


    /s/
_____
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

8